IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| MARY E. McCAFFREY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No.: 12-653-MJR/DGW ) |
| MIDWEST INTERNET CONSULTING GROUP, INC., an Illinois Corporation, CURTIS S. BAIRD, and JAMES F. SPICUZZA, | ) ) ) ) |
| Defendants. | ) ) ) |

### STIPULATED PROTECTIVE ORDER

Pursuant to the stipulation of Plaintiff and Defendants and as limited by this Court's December 21, 2012 Order (Doc. 39), IT IS HEREBY ORDERED that the following procedures shall govern all discovery, including without limitation to production, exchange, and use of all documents, testimony, interrogatories, written discovery, and other information produced, given, provided, or exchanged ("Discovery Materials") among the parties, and or any third parties, in the above captioned action (the "Action"):

1.     Counsel for any party, person, or entity subject to or participating in discovery in the Action may designate (the "Designating Party") any Discovery Materials as "Confidential" when the Designating Party in good faith believes that the Discovery Materials contain, constitute, or reveal proprietary, commercial or otherwise confidential or commercially-sensitive information; non-public financial information of any kind; personal indentifying information such as Social Security Numbers; non-public information related to pricing; non-public information regarding compensation of any of the parties or their employees; non-public studies

or analyses by internal or outside consultants or experts; non-public communications and information; trade secrets; or otherwise private or confidential information that requires the protection provided in this Order ("Confidential Information").

2. Any Designating Party may designate any Discovery Materials as Confidential Discovery Materials by marking the Discovery Materials, prior to production, as "Confidential" or by identifying or designating by Bates range the specific Discovery Materials that are designated as Confidential Discovery Materials. Inadvertent failure to designate materials as Confidential Discovery Materials at the time of production (i) shall not waive the Designating Party's right to, at some later time, designate the Discovery Materials as confidential, and (ii) may be remedied by the Designating Party by supplemental written notice and the provision of copies of properly stamped documents. Upon receipt of such notice, all Discovery Materials, including all copies thereof, whether electronic, hard copy, or otherwise, so designated shall be fully subject to this Order. Inadvertent designation of documents as Confidential Discovery Materials shall be remedied by the Designating Party upon request if the parties agree that the designation was inadvertent.

3. Discovery Materials produced in electronic format shall be designated as Confidential Discovery Materials by application of an electronic "Confidential" designation in the electronic document itself, such as by "petrifying to tiff" or similar process or by identifying or designating by Bates range the specific Discovery Materials that are designated as Confidential Discovery Materials.

4. Inadvertant disclosure or production of Discovery Materials that are subject to the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest

privilege, or any other privilege or immunity from discovery shall not constitute a waiver of, or an estoppel as to any claim of, such privilege, immunity or protection. Any party who has received such Discovery Materials, upon learning that such Discovery Materials are subject to a claim of privilege, shall return such Discovery Materials to the party who produced them no later than ten (10) calendar days from receipt of a written request by the producing party and shall not retain or keep any copy (electronic, paper or otherwise) of the Discovery Materials or documents reflecting, describing or summarizing their content.

5.      Any deposition or other testimony may be designated as Confidential Information by so stating orally on the record of a deposition or by so advising opposing counsel in writing within thirty (30) days after receipt of a rough transcript or, if a rough transcript is not provided to the parties, the final transcript (the "Transcript"). The entire content, transcript and exhibits to each deposition shall be treated as if it had been designated as Confidential in accordance with the provisions of this Order until thirty (30) days after all parties have received the Transcript and exhibits, after which only the portions specifically designated as Confidential Information pursuant to the first sentence of this paragraph shall be so treated.

6.      If any Receiving Party objects to the designation of any Discovery Materials as Confidential Discovery Materials, the party shall state the objection in writing to counsel for the Designating Party. The parties shall attempt to resolve the dispute among themselves in a timely manner. In the absence of such resolution, the Receiving Party objecting to the confidentiality designation may seek a Court order with respect to such challenged Discovery Materials; provided, however, that any such request to the Court shall be made only after the Receiving Party has provided the Designating Party fifteen (15) business days written notice. The Discovery Materials shall be deemed and treated as "Confidential" under the terms of the Order

unless and until (i) the Court rules otherwise, or (ii) the Designating Party agrees in writing to withdraw the confidentiality designation.

7. Confidential Discovery Materials, and all copies and summaries thereof, shall be treated as confidential and shall only be disclosed to "Qualified Persons" (as defined herein below).

8. Discovery Materials designated "Confidential" may be shown, disseminated, or disclosed only to the following Qualified Persons:

   a. The named parties to the Action, their current or former personnel or representatives who need to know or have access to any Confidential Discovery Materials for the purposes of the Action, and counsel representing the parties in the Action (including members of such counsel's staff, such as paralegals, secretaries, and law clerks, to whom it is reasonably necessary that the material be shown for purposes of the action), provided that any such former personnel or representative has executed a Non-Disclosure Certificate substantially in the form of Exhibit A attached hereto;

   b. Actual or potential experts or consultants for each party in the Action; provided that such expert or consultant has executed a Non-Disclosure Certificate substantially in the form of Exhibit A attached hereto;

   c. Any court reporter or typist rendering services for recording or transcribing of testimony in the Action or any outside independent reproduction firm or any technical or technology services firm rendering services for a party in the Action, but only to the extent necessary for such services to be provided, provided that any such person or entity has executed a Non-Disclosure Certificate substantially in the form of Exhibit A attached hereto;

   d. Copying services, computer consulting and support services, exhibit makers, translators, and other persons or entities providing litigation support services retained by counsel for purposes of the Action, provided that any such person or entity has executed a Non-Disclosure Certificate substantially in the form of Exhibit A attached hereto;

      e.      Any person whom a named party intends, in good faith, to call as a witness in any deposition, hearing or at trial in the Action, and that person's attorneys to the extent reasonably necessary to prepare for and provide his or her testimony; provided that such person, and that person's attorney, if any, has executed a Non-Disclosure Certificate substantially in the form of Exhibit A attached hereto;

      f.      The persons who authored the Confidential Discovery Materials or who received such Confidential Discovery Materials in the ordinary course of business;

      g.      Anyone to whom the Designating Party shall consent in writing to receive such Designating Party's Confidential Discovery Materials, provided that such person has executed a Non-Disclosure Certificate substantially in the form of Exhibit A attached hereto; and

      h.      The Court and its personnel, and any mediator, in connection with the Action.

9.      Qualified Persons authorized to have access to Confidential Discovery Materials shall maintain the confidentiality thereof, shall not disseminate or disclose such Confidential Discovery Materials to any person not authorized to have access to Confidential Discovery Materials pursuant to this Order, and shall not use such Confidential Discovery Materials for any purpose other than in connection with the litigation or appeal of the Action.

10.      Qualified Persons authorized to have access to Confidential Discovery Materials, or any copies or summaries thereof, shall make copies of such Confidential Discovery Materials or summaries only to the extent that it is reasonably necessary to assist the parties in connection with the litigation or appeal of the Action.

11.      Qualified Persons authorized to have access to Confidential Discovery Materials shall not use any Confidential Discovery Materials in connection with any other legal proceeding and shall not use any Confidential Discovery Materials for any purpose whatsoever other than in connection with the litigation or appeal of the Action.

12. Prior to disclosure of any Confidential Discovery Materials, or any copies or summaries thereof, to any Qualified Persons, counsel for the party proposing to disclose such information shall first provide such person with a copy of this Order and shall cause that person to execute a Non-Disclosure Certificate substantially in the form of Exhibit A hereto.

13. In the event that a Qualified Person or Receiving Party authorized to have access to Confidential Discovery Materials is served with a request, subpoena, demand, or other legal process that seeks production of Confidential Discovery Materials, such person (the "Requested Person") shall, unless otherwise prohibited by law, give written notice to the Designating Party within five (5) days of the receipt of such request, subpoena, demand, or other legal process, furnish the Designating Party with a copy of said subpoena or other process or order, and cooperate with respect to any procedure sought to be pursued by the Designating Party. The Requested Person, unless otherwise required by law, shall not produce the Confidential Discovery Materials until the earlier of: (i) receipt of prior written consent from the Designating Party; (ii) the return date of the subpoena or other process (in the event the Designating Party does not object to, seek to quash, or seek a protective order from the subpoena); or (iii) five (5) business days after a decision on any motion to quash or motion for a protective order or such shorter period as the Court may direct.

14. In the event that any Confidential Discovery Materials are used in any court proceeding in the Action or any appeal therefrom, the Confidential Discovery Materials shall not lose their status as Confidential Discovery Materials through such use. In the event that any party or its counsel determines to file or submit to the Court, or any appellate court, in the Action any Confidential Discovery Materials, or any papers containing Confidential Information derived from Confidential Discovery Materials, such documents or portions thereof containing such

material or information, shall be placed in sealed envelopes and labeled as "Confidential—Subject to Protective Order" and filed under seal and kept under seal and released only as provided by agreement of the undersigned parties or order of the Court. Upon request, the Designating Party may, in its sole discretion, grant a written waiver of the requirements imposed by this Paragraph.

15. Nothing herein shall be construed to affect in any way the admissibility, or objections to the admissibility, of any document, testimony, or other evidence at the trial of the Action.

16. Nothing in this Order shall restrict, or be construed as restricting, a Designating Party's use of its own Discovery Materials designated as "Confidential."

17. Nothing in this Order prohibits or prevents any party hereto from applying to the Court for a further protective order relating to any Discovery Materials or for any order permitting disclosure of Confidential Discovery Materials other than as provided herein. The provisions hereof may also be modified on the Court's own motion, by motion by any party upon notice, or by written agreement between the applicable parties.

18. All Confidential Discovery Materials and all copies thereof (including excerpts and summaries) shall be either (i) destroyed, which destruction shall be certified, within thirty (30) days after the final conclusion of the Action, including appeals, or (ii) returned to counsel for the Designating Party within thirty (30) days after the final conclusion of the Action, including appeals, except that counsel may keep an office file of internal memoranda, discovery responses, expert reports, pleadings, briefings, and deposition transcripts or exhibits

notwithstanding that they contain Confidential Discovery Materials.  All counsel shall also maintain copies of any executed Non-Disclosure Certificate they obtain pursuant to the Order.

19. The provisions of this Order shall survive the conclusion of the Action and shall continue in full force and effect.  The court shall retain jurisdiction over the Order, and any other person bound by the terms of the Order, to enforce the terms thereof.

**Dated: December 21, 2012**

**DONALD G. WILKERSON**
**United States Magistrate Judge**