IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY E. MCCAFFREY,            )<br>                                                    )<br>      Plaintiff,                            )<br>                                                    )<br>      v.                                        )<br>                                                    )<br>MIDWEST   INTERNET   CONSULTING )<br>GROUP, INC.,  CURTIS  S.  BAIRD,  and )<br>JAMES F. SPICUZZA,              )<br>                                                    )<br>      Defendants.                         ) | Case No. 3:12-cv-653-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Judgment on the Pleadings filed by Plaintiff, Mary E. McCaffrey, on November 16, 2012 (Doc. 25).  For the reasons stated below, the motion is hereby **GRANTED**.

**BACKGROUND**

From 2009 to 2011, Plaintiff, Mary E. McCaffrey, was employed as the Chief Executive Officer of Defendant, Midwest Internet Consulting Group, Inc., ("Midwest").  According to the Amended Complaint, she entered into an employment contract and other agreements with Midwest related to her compensation which included a base salary, stock options, and a bonus upon sale of the company.  The other Defendants, Curtis S. Baird and James F. Spicuzza, are shareholders of Midwest and its President and Secretary, respectively.  On April 22, 2011, Plaintiff was informed that her employment would terminate on June 11, 2011.  Plaintiff contends that Defendants failed to honor their agreement to provide stock options upon sale of Midwest to Edline for $18,970,000.  Plaintiff alleges that she is owed 4% of Midwest's stock that vested

immediately upon the sale. Plaintiff's Amended Complaint contains two counts: the first for breach of contract and the second for violations of Illinois' Wage Payment and Collection Act, 820 ILL. COMP. STAT. § 115/1, *et seq.*

In the pending Motion for Judgment on the Pleadings, Plaintiff argues that Defendants have admitted in their Answer (Doc. 15) that they violated Illinois' Wage Payment and Collection Act in that they failed to provide Plaintiff stock options due pursuant to her employment contract.

## Discussion

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c); *Buchanan-Moore v. Cnty of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). A Rule 12(c) motion is subject to the same standard as a Rule 12(b)(6) motion to dismiss and "should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *GATX Leasing Corp. v. Nat'l Union Fire Ins. Co.,* 64 F.3d 1112, 1114 (7th Cir. 1995) (quoting *Thomason v. Nachtrieb,* 888 F.2d 1202, 1204 (7th Cir. 1989)).

When the plaintiff is the moving party, the motion should not be granted unless it appears beyond doubt that the non-moving party cannot prove facts sufficient to support her position. *Housing Auth. Risk Retention Group, Inc. v. Chicago Housing Auth.*, 378 F.3d 596, 599 (7th Cir. 2004). In ruling on a Rule 12(c) motion, this Court must view the facts in a light most favorable to the non-moving party. *Flenner v. Sheahan,* 107 F.3d 459, 461 (7th Cir. 1997). In determining whether judgment on the pleadings should be granted, the court "may not look beyond the pleadings, and all uncontested allegations to which the parties had an opportunity to respond are taken as true." *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991). A judgment on the

pleadings is proper when only questions of law, and not questions of fact, exist after the pleadings have been filed. *Id.*

Illinois' Wage Payment and Collection Act ("the Act") governs the manner in which Illinois employers pay compensation to employees. *Kim v. Citigroup, Inc.*, 856 N.E.2d 639, 645 (Ill. App. Ct. 2006). Under the Act, with respect to separated employees, employers must pay all "final compensation" no later than the next regularly scheduled payday. 820 ILCS § 115/2. "Final compensation" includes "wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays, and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the 2 parties." *Id.* In addition to the employer, "all officers of a corporation . . . who knowingly permit such employer to violate the provisions of th[e] Act shall be deemed to be the employers of the employees of the corporation" and are subject to liability. 820 ILCS § 115/13.

The purpose of the Act is to assist employees in seeking redress for an employer's wrongful withholding of employee benefits. *Miller v. J.M. Jones Co.*, 555 N.E.2d 820, 821 (Ill. App. Ct. 1990). The Act's "primary objective is to ensure employees receive all earned benefits upon leaving their employer, and the evil it seeks to remedy is the forfeiture of any of those benefits." *Swavely v. Freeway Ford Truck Sales, Inc.*, 700 N.E.2d 181, 189 (Ill. App. Ct. 1998), quoting *Mueller v. Dep't of Labor*, 543 N.E.2d 518, 521 (Ill. App. Ct. 1989).

The face of the pleadings show that Defendants—Midwest, Baird, and Spicuzza— violated the Act by failing to provide Plaintiff stock options due pursuant to her employment contract. Plaintiff's employment contract with Midwest included a base salary, stock options, and a bonus upon the sale of Midwest. In her Amended Complaint (Doc. 9), Plaintiff alleges:

3

> 13. With respect to stock options, the Agreement provides that McCaffery was to be issued options equal to 4% of the company's outstanding shares as of June 15, 2009, which were to vest in equal installments over a four year period. (*Id*. § 6(d).) In the event of a change of control other than a sale of all of the company's assets, all of McCaffrey's stock options were to vest immediately. *Id*. § 6(d)(i).) Defendants have acknowledged Midwest's obligation to grant McCaffrey options.

For their Answer to Plaintiff's Amended Complaint (Doc. 15), Defendants respond:

> 13. Admit the allegations contained in numbered paragraph 13 of the Amended Complaint.

In their Answer, Defendants admit that Plaintiff is entitled to stock options equal to 4% of the company's outstanding shares as of the date of sale. Defendants have failed to provide said stock options. Stock options are "compensation" which brings Plaintiff's claims under the purview of the Act. *See Citigroup, Inc.*, 856 N.E.2d at 646 (finding stock was compensation and, therefore, governed by the Act). Because Baird and Spicuzza are officers of the company, President and Secretary, respectively, the Act deems them legally liable if they knowingly permitted Midwest to withhold the stock options in violation of the Act. Their Answer established that they knowingly did such.

Although Defendants admit that Plaintiff was entitled to, and did not receive, stock options, they contend that the stock options had no value at the time of the asset sale. Defendants contend that the value of the company's stock at the time of the asset sale was less than the exercise price when the stock options were promised to Plaintiff. No reasonable person, Defendants argue, would exercise a stock option where it would cost more to purchase the stock than would have been realized by the sale of the stock. The value of the stock, however, is not at issue. Defendants erroneously conflate their liability pursuant to the Act with Plaintiff's ability to prove damages as a result of the withholding. The pleadings establish that Defendants, through their

own admissions, failed to provide Plaintiff stock options to which she was entitled. The value of those stock options, if any, and Plaintiff's damages are questions of fact to be resolved at trial.

## CONCLUSION

Based on the foregoing, the Court finds that Defendants violated the Act by failing to provide Plaintiff stock options due pursuant to her employment contract. Accordingly, Plaintiff's motion (Doc. 25) is GRANTED with respect to Defendant's liability under the Act.

**DATED:** September 12, 2013

**DONALD G. WILKERSON**
**United States Magistrate Judge**

5